U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 FEB 13 PM 3:36

CLERK

BY_____PC
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

FRANK HUDSON WEST,                                  )
        Plaintiff,                                       )   CIVIL ACTION
vs.                                                 )
                                                    )   No. 5:14-cv-35
J.P. NOONAN TRANSPORTATION, INC.,                   )
TERRY CHAMBERLAIN, ROBERT DUPUIS                    )
and J. PETER NOONAN,                                )
        Defendants.                                      )

## PLAINTIFF'S COMPLAINT

Plaintiff, Frank Hudson West, by and through his counsel, Joel P. Iannuzzi, of Cleary, Shahi & Aicher, P.C., complains of the Defendants, J.P. Noonan Transportation, Inc., Terry Chamberlain, Robert Dupuis and J. Peter Noonan, as follows:

1. Plaintiff, Frank Hudson West ("West") is a resident of Rutland County, Vermont.

2. Defendant J.P. Noonan Transportation, Inc., ("Noonan"), is a foreign corporation, duly registered to do business in the State of Vermont with a principal place of business in West Bridgewater, Massachusetts.

3. Defendant, Terry Chamberlain, is a resident of the State of Vermont.

4. Defendant, Robert Dupuis, is a resident of the State of Massachusetts.

5. Defendant. J. Peter Noonan, is a resident of the State of Massachusetts.

6. Jurisdiction is satisfied as this action involves a federal question pursuant to Plaintiff's claims under 42 U.S.C. § 2000e-2(a).

## FACTS

7. Plaintiff was hired by and became an employee of Noonan in July of 2011, at Noonan's West Rutland, Vermont terminal.

8. Shortly after being hired, Mr. West was asked by Noonan's Terminal Manager, Terry Chamberlain, about his "ethnic origin."

9. In response to this inquiry, Mr. West replied to Mr. Chamberlain "Isn't that a little inappropriate?"

10. One week later, Mr. Chamberlain again asked Mr. West about his ethnic origin.

11. Mr. West replied that he was of mixed cultural heritage, including "Black, Hispanic and Italian."

12. Throughout his employment, Mr. West's co-workers often used racially disparaging language around and against Mr. West.

13. For some period of time, Mr. West did not complain about the co-workers or their use of racially disparaging language due to fear of losing his job.

14. Throughout his employment, and in addition to the racial slurs that were frequently uttered in his presence, Mr. West also endured disparate and discriminatory treatment relative to driving and equipment assignments.

15. Mr. West did not initiate such incidents through his own words, acts, or expressions.

16. Beginning in the Summer of 2013, Mr. West began having contact with Noonan's Assistant Safety Director, Arie Brower, in the regular course of Noonan's

business.

17. During the time-period from mid-November 2013 through December of 2013, Mr. West had three to four conversations with Mr. Brower in which he reported the various racial incidents and discriminatory treatment that he had been regularly subjected to in the course of his employment with Noonan.

18. Mr. West advised Mr. Brower that these incidents and the disparate treatment he had been receiving created a hostile work environment for him.

19. In response to these complaints, Mr. Brower arranged a meeting between Mr. West and Robert Dupuis, Head Safety Director at Noonan to discuss Mr. West's complaints.

20. On Friday, January 10, 2014, Mr. West met with Mr. Dupuis and Mr. Brower to discuss Mr. West's allegations of racial incidents and discriminatory treatment.

21. At the meeting, Mr. West provided Mr. Dupuis a written list of racial incidents and discriminatory treatment that he had been subjected to during the course of his employment at Noonan.

22. At the meeting, Mr. West advised Mr. Dupuis that the incidents and disparate treatment he had received created a hostile work environment for him, as the only African American driver employed at the terminal.

23. Mr. West requested that Mr. Dupuis take whatever measures were necessary to eliminate this hostile work environment and to provide him a safe workplace.

24. Within hours of the meeting with Mr. Dupuis, a decision was made to terminate Mr. West's employment with Noonan.

25. Upon information and belief, Mr. West's termination was engineered, authorized and/or consented to by Defendants Robert Dupuis and J. Peter Noonan.

26. Thereafter, on Monday, January 12, 2014, Mr. West received a letter authored by Defendant Terry Chamberlain, advising him that he had been "put on laid off status," effective as of that date.

27. The pretext for this negative employment action was Mr. West's alleged "lack of versatility during emergency operations surrounding extreme weather conditions."

28. Said action amounted to a constructive termination of Mr. West's employment.

29. Upon information and belief, Defendants Terry Chamberlain, Robert Dupuis and J. Peter Noonan engineered, authorized and/or consented to this pretextual constructive discharge.

30. Mr. West has begun psychotherapy to address anxiety issues stemming from his hostile, racist work environment.

31. Mr. West has continued to suffer significant psychological and physical problems because he was subjected to racial harassment at Noonan.

32. Mr. West has sustained, and will continue to sustain, lost earnings and benefits as a result of his termination from employment.

## COUNT I

### RACIAL DISCRIMINATION and HARASSMENT
### UNDER 42 U.S.C. § 2000e-2(a)(1) AS AGAINST DEFENDANTS
### CHAMBERLAIN and J.P. NOONAN TRANSPORTATION, INC.

33. Plaintiff repeats each and all of the allegations as set forth hereinabove in paragraphs 1 through 32.

34. Defendant, Terry Chamberlain, acted as the agent of J.P. Noonan Transportation, Inc., with respect to his employment practices and actions involving Plaintiff.

35. Defendant, Terry Chamberlain, unlawfully discriminated against Plaintiff with respect to the terms, conditions and or privileges of Plaintiff's employment because of his race.

36. Defendant, Terry Chamberlain, created, allowed and encouraged an employment atmosphere in which Plaintiff was the subject of ongoing racial harassment.

37. Defendants, Terry Chamberlain and J.P. Noonan Transportation, Inc., failed to provide working conditions free from discrimination and racial harassment.

38. As a result, Defendants, Terry Chamberlain and J.P. Noonan Transporation, Inc., are liable to Plaintiff for compensatory damages, punitive damages, attorney fees, all costs of these proceedings and both pre-judgment and post-judgment interest for violation of 42 U.S.C. § 2000e-2(a)(1).

## COUNT II

### RACIAL DISCRIMINATION and HARASSMENT
### UNDER 21 V.S.A. § 495(a)(1) AS AGAINST DEFENDANTS
### CHAMBERLAIN and J.P. NOONAN TRANSPORTATION, INC.

39. Plaintiff repeats each and all of the allegations as set forth hereinabove in paragraphs 1 through 38.

40. Defendant, Terry Chamberlain, acted as the agent of J.P. Noonan Transportation, Inc., with respect to his employment practices and actions involving Plaintiff.

41. Defendant, Terry Chamberlain, unlawfully discriminated against Plaintiff with respect to the terms, conditions and or privileges of Plaintiff's employment because of his race.

42. Defendant, Terry Chamberlain, created, allowed and encouraged an employment atmosphere in which Plaintiff was the subject of ongoing racial harassment.

43. Defendants, Terry Chamberlain and J.P. Noonan Transportation, Inc., failed to provide working conditions free from discrimination and racial harassment.

44. As a result, Defendants, Terry Chamberlain and J.P. Noonan Transporation, Inc., are liable to Plaintiff for compensatory damages, punitive damages, attorney fees, all costs of these proceedings and both pre-judgment and post-judgment interest for violation of 21 V.S.A. § 495(a)(1).

## COUNT III

### UNLAWFUL LIMITATION OF PLAINTIFF'S EMPLOYMENT UNDER 42 U.S.C . § 2000e-2(a)(2) AS AGAINST DEFENDANTS CHAMBERLAIN and J.P. NOONAN TRANSPORTATION, INC.

45. Plaintiff repeats each and all of the allegations as set forth hereinabove in paragraphs 1 through 44.

46. Defendant, Terry Chamberlain, acted as the agent of J.P. Noonan

Transportation, Inc., with respect to his employment practices and actions involving Plaintiff.

47. Defendant, Terry Chamberlain, unlawfully limited Plaintiff's employment by limiting his employment opportunities and in otherwise adversely affecting his status as an employee because of Plaintiff's race.

48. As a result, Defendants, Terry Chamberlain and J.P. Noonan Transporation, Inc., are liable to Plaintiff for compensatory damages, punitive damages, attorney fees, all costs of these proceedings and both pre-judgment and post-judgment interest for violation of 42 U.S.C. § 2000e-2(a)(2).

## COUNT IV

### RETALIATORY DISCHARGE UNDER 42 U.S.C. § 2000e-2(a)(1) AS AGAINST ALL DEFENDANTS

49. Plaintiff repeats each and all of the allegations as set forth hereinabove in paragraphs 1 through 48.

50. Defendants, Terry Chamberlain, Robert Dupuis and J. Peter Noonan acted as agents of J.P. Noonan Transportation, Inc., with respect to their employment practices and employment actions involving Plaintiff.

51. Defendants had an obligation not to retaliate against Mr. West for his reports of racial discrimination and harassment, and did so by terminating Mr. West's employment in response to his complaints, in violation of 42 U.S.C. § 2000e-2(a)(1).

52. Plaintiff's discharge was engineered, authorized and/or consented to by Defendants, Terry Chamberlain, Robert Dupuis and J. Peter Nooan.

53. In consequence of the retaliatory discharge of Plaintiff, Defendants are liable to Plaintiff for compensatory damages, punitive damages, attorney fees, all costs of these proceedings and both pre-judgment and post-judgment interest.

## COUNT V

### RETALIATORY DISCHARGE UNDER 21V.S.A.§495(a)(8)(A) AS AGAINST ALL DEFENDANTS

54. Plaintiff repeats each and all of the allegations as set forth hereinabove in paragraphs 1 through 53.

55. Defendants, Terry Chamberlain, Robert Dupuis and J. Peter Noonan acted as agents of J.P. Noonan Transportation, Inc., with respect to their employment practices and employment actions involving Plaintiff.

56. Defendants had an obligation not to retaliate against Mr. West for his reports of racial discrimination and harassment, and did so by terminating Mr. West's employment in response to his complaints, in violation of 21V.S.A.§495(a)(8)(A).

57. Plaintiff's discharge was engineered, authorized and/or consented to by Defendants, Terry Chamberlain, Robert Dupuis and J. Peter Nooan.

58. In consequence of the retaliatory discharge of Plaintiff, Defendants are liable to Plaintiff for compensatory damages, punitive damages, attorney fees, all costs of these proceedings and both pre-judgment and post-judgment interest.

## DEMAND

Wherefore, Plaintiff, Frank Hudson West, demands judgment against Defendants, J.P. Noonan Transportation, Inc., Terry Chamberlain, Robert Dupuis and J. Peter Noonan,

including compensatory damages, punitive damages, attorney fees, all costs of these

proceedings and both pre-judgment and post-judgment interest.

Dated: February 12, 2014
      Rutland, Vermont

                                            FRANK HUDSON WEST

By: _____
Joel P. Iannuzzi, Esq.
Cleary, Shahi & Aicher, P.C.
110 Merchants Row, P.O. Box 6740
Rutland, VT 05702-6740
802-775-8800
jpi@clearyshahi.com